**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT CINCINNATI**

| | | |
|---|---|---|
| **TIA HUDSON,** | : | |
| *On behalf of herself and other similarly* | | |
| *situated participants,* | : | Case No. : |
| | | |
| and | : | |
| | | |
| **BRENDA L. BENICKER,** | : | |
| *On behalf of herself and other similarly* | | |
| *situated participants,* | : | |
| | | |
| and | : | |
| | | |
| **DEBORAH COLEMAN,** | : | |
| *On behalf of herself and other similarly* | | |
| *situated participants,* | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| v. | : | |
| | | |
| **HILLSTONE HEALTHCARE, INC.,** | : | |
| **A/K/A HILLSTONE GROUP,** | | |
| | : | |
| and | | |
| | : | |
| **CORNERSTONE INNOVATIONS, INC.** | | |
| **D/B/A DIVERSIFIED EMPLOYEE** | | |
| **SOLUTIONS, INC.** | : | |
| | | |
| and | : | |
| | | |
| **PAUL BERGSTEN,** | : | |
| | | |
| and | : | |
| | | |
| **MATT DAPORE**, | : | |
| | | |
| and | : | |
| | | |
| **STEVEN ODDO**, | : | |
| | | |
| Defendants. | | |

1

                                       :

**Serve:**
**Patrick Pizzella,**                                :
**Acting Secretary of Labor**
**200 Constitution Avenue, N.W.**             :
**Washington, D.C. 20220-0002**

**Serve:**
**Steven Mnuchin**
**Secretary of the Treasury**
**1500 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20210 :**

---

## **COMPLAINT**

Plaintiffs Tia Hudson, Brenda Benicker and Deborah Coleman ("Class Representatives"), on behalf of themselves and all other similarly situated persons in the proposed Class described in this Complaint, bring this action against Defendants Hillstone Healthcare, Inc. a/k/a Hillstone Group; Cornerstone Innovations, Inc., aka Diversified Employee Solutions, Inc.; and all related entities, and against their owners or officers Paul Bergsten, Matt Dapore, and Steven Oddo and allege as follows:

## NATURE OF ACTION AND SUMMARY OF CLAIMS

1.     This action is brought as a class action by Class Representatives on behalf of themselves and a class of similarly situated employees of the corporate Defendants, and the dependents of those employees who participate in the Defendants' various employee benefits plans pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2.     Plaintiff Tia Hudson, like other similarly situated employees, was a participant in a defined contribution retirement plan and health plan sponsored by her employer, Hillstone Healthcare Inc. and/or Cornerstone Innovations, Inc., a/k/a Diversified Employee Solutions, Inc. In late 2018 and early 2019, after incurring significant medical expenses, Hudson incurred significant medical expenses after being diagnosed with a brain tumor, she discovered that the health coverage under the health care plan sponsored by her employer(s) had been terminated due to Defendants nonpayment of premiums, with no notice to Hudson. Worse yet, Hillstone Healthcare, Inc., through Cornerstone Innovations, Inc., continued to deduct her employee contributions for health benefits from Hudson's bi-weekly paycheck, even though the Plans' coverage was terminated and even though Defendants were not forwarding Plaintiffs' contributions to the plans. In addition, Plaintiff began participating in the company sponsored 401k Plan in approximately September 2017 when she became eligible to participate in the Plan and authorized Defendants to withhold retirement contributions to be deposited to her account. Upon information and belief, Hillstone, through Cornerstone, has retained all contributions and/or failed to segregate withholdings in a timely manner, and failed to make any matching employer contributions required under the Plan, and have refused to provide Hudson with information about the retirement Plan.

3.     Plaintiff Deborah Coleman, like other similarly situated employees, is a participant in a health plan sponsored by her employer, Hillstone Healthcare Inc., in Dayton, Ohio. In 2018, after

Coleman incurred substantial medical bills, she discovered that the health coverage under the health care plans sponsored by her employer had been terminated due to Defendants nonpayment of premiums, with no notice to Coleman. Worse yet, Hillstone Healthcare, Inc., through Cornerstone Innovations, Inc., continued to deduct her employee contributions for health, vision, dental, and life insurance benefits from Coleman's bi-weekly paycheck, even though the Plan's coverage was terminated and even though Defendants were not forwarding Plaintiffs' contributions to the plans.

4.     Plaintiff Brenda Benicker, like other similarly situated employees, was a participant in a health and welfare plan sponsored by her employer, Hillstone Healthcare, Inc. at all relevant times. After incurring substantial medical expenses, she learned that her coverage under the health care plan had been terminated with no notice to Benicker, due to Defendants' failure to make the required premium payments. She also discovered that dental, vision, life insurance, and disability insurance coverage had been terminated for the same reasons. Despite several attempts to notify Hillstone Healthcare, Inc. that the plans were terminated and her dental and medical bills were not covered, Hillstone Healthcare, Inc., through Cornerstone Innovations, Inc., continued to deduct employee contribution for health, dental, vision, life, and disability insurance from her bi-weekly paycheck, even though the Plans' coverage was terminated and even though Defendants stopped forwarding her deductions to the plans. Benicker resigned from Hillstone Healthcare, Inc. in or around November of 2018 because Defendants continued to deduct employee contributions for employee benefit plans despite the plans' coverage being terminated and because Defendants failed to respond to her requests for reimbursement.

5.     Plaintiffs bring claims for breach of fiduciary duty and prohibited transactions under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq.

("ERISA") against Hillstone Healthcare, Inc., a/k/a Hillstone Group; Cornerstone Innovations, Inc., a/k/a Diversified Employee Solutions, Inc.; and against their owners and corporate officers Paul Bergsten, Matt Dapore, and Steven Oddo. Plaintiffs seek reinstatement of their wrongfully terminated benefits, reimbursement for their wrongfully withheld employee contributions deducted from their paychecks, and they seek to be made whole for all losses incurred and benefits due based on the termination of Plan coverage without notice, and the failure to remit employee contributions under the Plans.

6.     Plaintiffs bring these claims under §§502(a)(1)(A) and 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(1)(A) and (a)(2), pursuant to §409 of ERISA, 29 U.S.C. §1109, with respect to fiduciary breaches, and under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), with respect to Defendants' prohibited transactions, and to obtain equitable relief as may be appropriate to redress violations and enforce provisions of that Title.

## Jurisdiction and Venue

7.     This Court has subject matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendants because the actions of Defendants took place at the Defendants' locations within this judicial district, including Lawrence County, Montgomery Country, and Delaware County, Ohio; Defendant Hillstone's corporate office is located within this judicial district, and because Defendants undertook to sponsor and/or act as a fiduciary of ERISA plans that affected participants residing and working within this judicial district.

## **The Parties and Factual Allegations**

8.      Plaintiff Tia Hudson worked for worked for Hillstone Healthcare, Inc. a/k/a Hillstone Group ("Hillstone") in Akron, Ohio as a Licensed Nurse Practitioner and Charge Nurse in the nursing home facility known as Fairlawn Nursing Home and Rehab Center from approximately September of 2017 until approximately January of 2019. Upon information and belief, she received paychecks from Cornerstone Innovations, Inc. ("Cornerstone") as the leasing employer.

9.      Plaintiff Brenda Benicker worked for of Hillstone in Lawrence Country, Ohio as a Nurse's Assistant in the nursing home facility known as Crystal Care of Ironton from 1998 to approximately November of 2018. Upon information and belief, she received paychecks from Cornerstone as the leasing employer.

10.      Plaintiff Deborah Coleman is a current employee of Hillstone in Dayton, Ohio at the "Garden Court" nursing home facility. Upon information and belief, Cornerstone issues paychecks to Coleman as a leasing employer.

11.      On information and belief Hillstone is the fiduciary and plan sponsor for the health benefits plan ("Health Plan"), vision benefits plan ("Vision Plan"), dental benefits plan ("Dental Plan"), life insurance plan ("Life Insurance Plan") disability insurance plan ("Disability Plan") and the defined contribution retirement plan ("401K Plan") offered to its employees and in which Plaintiffs participated (collectively, "Plans").

12.      On information and belief, Cornerstone is the employee leasing company that leases Plaintiffs and members of the proposed class to Hillstone. Cornerstone issues paychecks to Plaintiffs and members of the proposed class, withholds employee deferrals for payment to benefit plans sponsored by Hillstone and/or Cornerstone. Upon information and belief and according to Form 5500s filed by Cornerstone, a/k/a Diversified Employee Solutions, with the Department of

Labor, Cornerstone provides payroll, workers' compensation, human resources and employee benefit services to employers participating in the 401K Plan, including to Hillstone. On information and belief, Cornerstone is at all relevant times an "employer" under ERISA, 29 U.S.C. § 1002(5) and is a fiduciary of the Plans because it exercised discretionary authority or control over the management, administration, and/or assets of the Plans pursuant to 29 U.S.C. §§ 1102(a), 1002(21)(A) and because it also sponsors the benefits plans.

13.     The Plans are all employee welfare or retirement benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). Upon information and belief, the Health Plan is or was insured by United Health Insurance Company ("United Health") and Anthem Insurance Company ("Anthem"). Upon information and belief the Dental Plan was insured by Anthem from approximately 2017 through November 1, 2018, at which time TruAssurance began insuring the Dental Plan; and upon information and belief, the Vision Plan was insured by Anthem Insurance Company until approximately November 1, 2018 at which time EyeMed began insuring the Plans. The Life Insurance and Disability Plans are or were insured by Colonial Life Insurance Company. The custodial trustee of the 401K Plan is believed to be John Hancock Insurance Company.

14.     Defendant Paul Bergsten ("Bergsten") is a Member and Owner of Defendant company Hillstone. On information and belief, Bergsten has discretionary authority and control with respect to the management of the Plans and has exercised discretionary authority and control with respect to the management and disposition of employee contributions to the Plans, which constitute Plan assets. Bergsten functioned as a fiduciary with respect to the Plans as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In his role as fiduciary, Bergsten had, among other fiduciary duties, a duty to monitor the actions of other fiduciaries.

15.     Defendant Matt Dapore ("Dapore") is a Member and Chief Operating Officer of Defendant Company Hillstone. On information and belief, Dapore has discretionary authority and control with respect to the management of the Plans and has exercised discretionary authority and control with respect to the management and disposition of employee contributions to the Plans, which constitute Plan assets. Dapore functioned as a fiduciary with respect to the Plans as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In his role as fiduciary, Dapore had, among other fiduciary duties, a duty to monitor the actions of other fiduciaries.

16.     Defendant Steven Oddo ("Oddo") is a Member of Defendant company Cornerstone. On information and belief, Oddo has discretionary authority and control with respect to the management of the Plans and has exercised discretionary authority and control with respect to the management and disposition of employee contributions to the Plans, which constitute Plan assets. Oddo functioned as a fiduciary with respect to the Plans as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In his role as fiduciary, Oddo had, among other fiduciary duties, a duty to monitor the actions of other fiduciaries.

**TIA HUDSON**

17.     Within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), Hudson was a participant in the Health Plan and 401K Plan at all relevant times.

18.     When Plaintiff Hudson began working for Hillstone and/or Cornerstone in approximately August of 2017, she elected coverage under the Health Plan and began participating in the 401K Plan, instructing Defendants to withhold a certain percentage of her gross bi-weekly paycheck to be deposited in her 401K Plan account and to deduct premiums from her bi-weekly paychecks to be forwarded to the appropriate health plan administrator. Defendants withheld Health Plan

premium contributions and her 401K Plan voluntary withholdings from Hudson's bi-weekly paychecks from that period forward.

19. In approximately September of 2018, after she began participating in the Health Plan, Hudson was admitted to the Cleveland Clinic and diagnosed with a brain tumor. Although Defendants were withholding premiums from Hudson's bi-weekly paychecks for her continued participation in the Health Plan, and she remained an eligible employee under the Health Plan, Hudson was notified while in the hospital that her health care coverage had been canceled.

20. Hudson immediately notified Defendant Hillstone, at her local nursing home facility and at the corporate office, that her Health Plan coverage was improperly terminated. Hillstone informed Hudson that her Health Coverage would be reinstated.

21. Believing that her Health Plan coverage had been reinstated as promised by Hillstone, Hudson continued seeking much needed medical care for her brain tumor. In December of 2018 Hudson obtained medical treatment and was again informed by the medical providers that her health insurance coverage was canceled, despite Defendants continuing to withhold health insurance premiums from her bi-weekly paychecks.

22. Hudson again informed Hillstone that her Health Plan coverage was improperly canceled and that she was in dire need to seek ongoing medical treatment for her brain tumor.

23. Although Hudson remained an eligible full-time employee, and although Hillstone continued to withhold premiums from her bi-weekly paychecks, "Aaron", who upon information and belief worked at Hillstone's corporate office, instructed Hudson that her insurance was canceled because she no longer worked on the weekends.

24. Hudson never received any notice that her Health Plan coverage was canceled or modified.

25.     Hillstone paid Hudson approximately $300 for canceling her Health Plan coverage, but Hudson has incurred significant medical expenses as a direct result of Defendants' failure to forward her premiums under the Health Plan.

26.     Hudson terminated her employment in approximately January of 2019 because Defendants continued to wrongfully cancel her Health Plan coverage despite deducting premiums from her bi-weekly paychecks and because it wrongfully failed to forward the premiums withheld from her paycheck to the Health Plan insurer.

27.     Upon termination, Defendants never sent Hudson any notice concerning her right to continue health insurance coverage as required by COBRA.

28.     As a result, Hudson was unable to seek much needed medical treatment for radiation and chemotherapy to treat her brain tumor. Hudson now must undergo invasive brain surgery to remove the brain tumor which could have been treated less invasively by radiation and chemotherapy had she had health coverage when Defendants caused her coverage to be improperly terminated.

29.     In addition, Hudson elected to participate in the 401K Plan sponsored by Defendants. Pursuant to the terms of the Plan, participants could elect to defer a certain percentage of their income to be deposited into their individual 401K Plan account and Defendants provided discretionary employer matching contributions made by participants, including Hudson, to the 401K Plan.

30.     Defendants deducted certain amounts from Hudson's bi-weekly paychecks for payment to Plaintiff's individual 401K Plan account as required contributions.

31.     Under the terms of the Plan, Defendants were required to match up to a certain percentage of Plaintiffs' deferrals.

32.     Upon information and belief, Defendants never deposited or segregated Hudson's deferrals into her 401K Plan account and Defendants did not make any matching contributions to Hudson's 401K Plan account. Upon information and belief, Defendants have not deposited other participants' 401K Plan accounts or made any employer matching contributions as required under the Plan.

## BRENDA BENICKER

33.     Within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7), Benicker was a participant in the Health Plan, Dental Plan, Vision Plan, Life Insurance Plan and Disability Plan at all relevant times.

34.     In approximately 2017 Benicker received notice that Hillstone switched health insurers from United Health Insurance Company to Anthem Insurance Company.

35.     Benicker participated in the Health Plan and Defendants continued to deduct premiums from Benicker's paychecks for Health Care coverage.

36.     Benicker incurred significant expenses for medical services in approximately 2018 but was informed that her Health Care coverage was terminated due to non-payment of premiums, despite Defendants withholding payment for premiums under the Health Plan from Benicker's paychecks.

37.     Benicker notified corporate agents at Hillstone in 2018 that her Health Care coverage was canceled. She was instructed by Hillstone that the corporate office would look into the issue. The problem was never remedied and Hillstone took no further action to reinstate Benicker to the

Health Plan or reimburse her for Health Plan deferrals withheld from her paychecks or outstanding medical bills. Defendants continued to accept contributions for Health Care coverage from Plaintiff Benicker subsequent to termination of that coverage.

38.     In approximately 2018 Benicker also learned that Colonial Life had canceled her Disability and Life Insurance coverage for nonpayment of premiums despite Defendants withholding payment for premiums under the Disability and Life Insurance Plans from each of Benicker's paychecks.

39.     As time continued without reinstatement to the Plans, corporate agents of Defendants sometimes provided Benicker with cash to cover some of her out of pocket expenses, but never reinstated Health Care or other Plan coverage or made her whole for improperly withheld employee deferrals.

**DEBORAH COLEMAN**

40.     Within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7), Plaintiff Coleman has been a participant in the Health Plan, Dental Plan, Vision Plan, Life Insurance Plan and Disability Plan at all relevant times.

41.     In approximately August of 2017 Coleman elected Health Care, Vision, and Dental coverage to be provided under the respective Plans. Upon information and belief, she also participated in the Life Insurance and Disability Plans sponsored by Defendants. Beginning at least by approximately March of 2018 Defendants withdrew premiums from Coleman's paychecks for Disability, Life Insurance, Vision, and Dental Benefits.

42.     Although Coleman elected Health Care coverage under the Plan in August of 2017, no premiums were ever withdrawn from her paychecks until, upon information and belief, November of 2018.

43.     In 2018, Plaintiff Coleman underwent health and dental services covered under the Plans. She became aware that her Dental Care coverage was terminated, however, after her claims for dental services were denied due to Defendants' nonpayment of premiums, despite Defendants withdrawing from her paychecks premiums for Dental Care coverage. Coleman incurred significant debt stemming from her unpaid dental care bills.

44.     In approximately 2019 Coleman learned that her other Vision, Health, Disability and Life Insurance benefits were also canceled due to Defendants' failure to remit  premiums under the respective Plan, despite continuing to deduct those premiums from Coleman's paycheck each pay period.

45.     Upon information and belief, Defendants failed to provide Plaintiffs and other employees with required notices and disclosures under ERISA, including copies of the Summary Plan Descriptions, Summary of Benefits and Coverage, Notices of Modification; Notices of Coverage Options; and notices of cancellation of coverage in advance of termination with respect to each of the Plans, and in accordance with federal regulations. *See* 29 C.F.R. 54.9815-2715(b); 29 CFR § 2520.104b-2; 29 CFR § 2590.715-2715(a)-(c). In addition, upon information and belief, Defendants failed to provide Plaintiffs and other employees with required notices concerning their right to continue coverage under the welfare benefit plans upon termination as required by federal regulation.

46. Defendants and Plan fiduciaries Bergsten, Oddo, and Dapore have determined not to remit employee contributions to the Plans, and instead either diverted those payments to the general assets of Defendants or directed those contributions for uses other than the sole and exclusive purpose of providing benefits to participants and beneficiaries under the Plans.

47. Contributions to the welfare and 401K Plans deducted from employee paychecks become assets of the Plan as soon as they can reasonably be segregated from general assets of the corporation, but in no event later than 15 days after the deduction with respect to the 401K Plan and in no event later than 90 days after the deduction with respect to the welfare benefit plans, pursuant to 29 C.F.R. §2510.3-102.

## Class Allegations

48. Class Representatives bring this class action on behalf of themselves and five Plaintiff classes, defined as:

**Class 1**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the Health Plan offered by Hillstone, and whose coverage has been terminated without lawful notice and/or who had employee contributions withheld from their paychecks but never remitted to the Plan.

**Class 2**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the Life Insurance Plan offered by Hillstone, and whose coverage has been terminated without lawful notice and/or who had employee contributions withheld from their paychecks but never remitted to the Plan.

**Class 3**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the Dental Plan offered by Hillstone,

and whose coverage has been terminated without lawful notice and/or who had employee contributions withheld from their paychecks but never remitted to the Plan.

**Class 4**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the Vision Plan offered by Hillstone, and whose coverage has been terminated without lawful notice and/or who had employee contributions withheld from their paychecks but never remitted to the Plan.

**Class 5**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the Disability Plan offered by Hillstone, and whose coverage has been terminated without lawful notice and/or who had employee contributions withheld from their paychecks but never remitted to the Plan.

**Class 6**: All current and former employees of Hillstone, and all related entities, and dependents of those employees, who participated in the 401K Plans offered by Defendants Hillstone and/or Cornerstone who had employee contributions withheld from their paychecks but never remitted to the Plan and/or who did not receive employer matching contributions as required under the Plan.

49.    The exact number of Class Members is not presently known, but, on information and belief, is in excess of 100. The class is so numerous that joinder of all members is impracticable.

50.    Those who are members of Class 1 are not necessarily members of Class 2, 3, 4, 5, or 6, and vice versa. While the Classes have overlap, they are not identical.

51.    Upon information and belief, the health care benefits to which Class Members are entitled are all identical and were all provided through the same insurer.

52.    The number of Class Members participating in the Health, Dental, Vision, Disability, Life Insurance, and 401K Plans are each so numerous that joinder of all members is impracticable.

53.     Upon information and belief, all participants in the Health, Dental, Vision, Disability, Life Insurance, and 401K Plans participated in identical plans, respectively.

54.     There are common questions of law and fact that relate to, affect, and which are common to the Class Members. These include without limitation: (1) whether, in failing to forward employee contributions to the respective benefit Plans, Defendants breached their fiduciary duties owed to Class Members under ERISA and the Plans; (2) whether, in failing to provide notice of termination and non-remittance of deferrals of pay to the Plans while continuing to collect bi-weekly deferrals, Defendants breached their fiduciary duties owed to Class Members under ERISA; and, (3) whether the Defendants' diversion of employee contributions intended for the Plans to the general accounts of Defendants or to other corporate or personal uses, breached Defendants' fiduciary duties, and constitute prohibited transactions.

55.     The relief sought is common to all members of the Class to which employees belong. While the six Classes have overlap, members of the one Plan Class may also be members of the other Plan Classes, and vice-versa.

56.     The claims of the Class Representatives are typical of the claims of the respective Classes in that: all Class Members assert that Defendants are obligated under ERISA to forward contributions for employee benefits to those respective Plans; Defendants have violated ERISA in failing to forward or as required remit contributions and/or deferrals; and, Defendants have terminated Plan coverage without notice. No conflict exists between any Class Representative and other members of the Class with respect to this action.

57.     The Class Representatives are able to, and will, fairly and adequately protect the interests of the Classes. The attorneys for the Class Representatives are experienced and capable in the field

of employee benefits law and employment law, and have successfully prosecuted class actions, and actions of a similar nature.

58.    This action is properly maintained as a class action under Fed. R. Civ. P. 23(b)(2), in that defendants have acted on grounds generally applicable to the Class by terminating welfare benefits for Class Members and failing to forward employee contributions and/or deferrals to the respective Plans, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class(es) as a whole.

59.    This action may, in addition or in the alternative, be maintained pursuant to Fed. R. Civ. P. 23(b)(1) as the prosecution of individual actions by Class Members addressing the subject matter of this action would present the risk of inconsistent or varying adjudications which would potentially establish incompatible standards of conduct governing Defendants or which as a practical matter be dispositive of non-party Class Members or otherwise substantially impair or impede their ability to protect their interests.

### First Claim For Relief

(Breaches of Fiduciary Duties Owed to the Health Plan)

60.    Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

61.    As fiduciaries to the Health Plan, Defendants owed fiduciary duties to the Health Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

62.    Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee contributions to the Health Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Health Plan, for the exclusive

17

purpose of providing benefits to the participants and beneficiaries of the Health Plan, and in accordance with the documents and instruments governing the Health Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

63.     Defendants further failed to discharge their fiduciary duties with respect to the Health Plan by failing to disclose to employees the non-payment of employee contributions, and to provide notice to participants of the cessation of coverage in the Health Plan, in violation of 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and regulations found at 26 CFR 54.9815-2715(b).

64.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the Health Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Oddo, and Dapore are personally liability to make whole the Health Plan and its participants for all losses resulting from their breaches.

### Second Claim For Relief

#### (Breaches of Fiduciary Duties Owed to the Dental Plan)

65.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

66.     As fiduciaries to the Dental Plan, Defendants owed fiduciary duties to the Dental Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

67.     Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee contributions to the Dental Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Dental Plan, for the exclusive purpose of providing benefits to the participants and beneficiaries of the Dental Plan, and in

accordance with the documents and instruments governing the Dental Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

68.     Defendants further failed to discharge their fiduciary duties with respect to the Dental Plan by failing to disclose to employees the non-payment of employee contributions, and to provide notice to participants of the cessation of coverage in the Dental Plan, in violation of 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and regulations found at 26 CFR 54.9815-2715(b).

69.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the Dental Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Dapore, and Oddo are personally liability to make whole the Dental Plan and its participants for all losses resulting from their breaches.

**Third Claim For Relief**

(Breaches of Fiduciary Duties Owed to the Vision Plan)

70.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

71.     As fiduciaries to the Vision Plan, Defendants owed fiduciary duties to the Vision Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

72.     Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee contributions to the Vision Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Vision Plan, for the exclusive purpose of providing benefits to the participants and beneficiaries of the Vision Plan, and in accordance with the documents and instruments governing the Vision Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

73.     Defendants further failed to discharge their fiduciary duties with respect to the Vision Plan by failing to disclose to employees the non-payment of employee contributions, and to provide notice to participants of the cessation of coverage in the Vision Plan, in violation of 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and regulations found at 26 CFR 54.9815-2715(b).

74.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the Vision Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Dapore, and Oddo are personally liability to make whole the Vision Plan and its participants for all losses resulting from their breaches.

## Fourth Claim For Relief

### (Breaches of Fiduciary Duties Owed to the Life Insurance Plan)

75.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

76.     As fiduciaries to the Life Insurance Plan, Defendants owed fiduciary duties to the Life Insurance Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

77.     Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee contributions to the Life Insurance Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Life Insurance Plan, for the exclusive purpose of providing benefits to the participants and beneficiaries of the Life Insurance Plan, and in accordance with the documents and instruments governing the Life Insurance Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

78.     Defendants further failed to discharge their fiduciary duties with respect to the Life Insurance Plan by failing to disclose to employees the non-payment of employee contributions,

20

and to provide notice to participants of the cessation of coverage in the Life Insurance Plan, in violation of 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and regulations found at 26 CFR 54.9815-2715(b).

79.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the Life Insurance Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Dapore, and Oddo are personally liability to make whole the Life Insurance Plan and its participants for all losses resulting from their breaches.

### Fifth Claim For Relief

#### (Breaches of Fiduciary Duties Owed to the Disability Plan)

80.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

81.     As fiduciaries to the Disability Plan, Defendants owed fiduciary duties to the Disability Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

82.     Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee contributions to the Disability Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Disability Plan, for the exclusive purpose of providing benefits to the participants and beneficiaries of the Disability Plan, and in accordance with the documents and instruments governing the Disability Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

83.     Defendants further failed to discharge their fiduciary duties with respect to the Disability Plan by failing to disclose to employees the non-payment of employee contributions, and to

provide notice to participants of the cessation of coverage in the Disability Plan, in violation of 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), and regulations found at 26 CFR 54.9815-2715(b).

84.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the Disability Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Dapore, and Oddo are personally liability to make whole the Disability Plan and its participants for all losses resulting from their breaches.

**Sixth Claim For Relief**

(Breaches of Fiduciary Duties Owed to the 401K Plan)

85.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

86.     As fiduciaries to the 401K Plan, Defendants owed fiduciary duties to the 401K Plan and its Participants, as set forth in §§ 404, 405, 406, and 408 of ERISA, 29 U.S. §§ 1104, 1105, 1106, and 1108.

87.     Defendants grossly and deliberately breached their fiduciary duties by their failure to remit deducted employee deferrals to the 401K Plan, and diverting those plan assets to other corporate and/or personal purposes. In so doing, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the 401K Plan, for the exclusive purpose of providing benefits to the participants and beneficiaries of the 401K Plan, and in accordance with the documents and instruments governing the 401K Plan, all in violation of § 404(a)(1) of ERISA, 29 U.S. § 1104(a)(1).

88.     Defendants further failed to discharge their fiduciary duties with respect to the 401K Plan by failing to disclose to employees the non-payment of employee deferrals, and failing to disclose copies of the summary plan descriptions, summary annual reports, annual fee disclosures, and quarterly statements.

89.     By the acts, errors, and omissions described herein, Defendants have breached their fiduciary duties with respect to the 401K Plan. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Bergsten, Oddo, and Dapore are personally liability to make whole the 401K Plan and its participants for all losses resulting from their breaches.

## Seventh Claim For Relief

### (Prohibited Transactions under ERISA relating to the Health Plan)

90.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

91.     Defendants, as Plan Sponsor and fiduciaries to the Health Plan, are parties in interest to the Health Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

92.     By diverting, or permitting or allowing diversion of, employee contributions to the Health Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Health Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

## Eighth Claim For Relief

### (Prohibited Transactions under ERISA relating to the Dental Plan)

93.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

94.     Defendants, as Plan Sponsor and fiduciaries to the Dental Plan, are parties in interest to the Dental Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

95.     By diverting, or permitting or allowing diversion of, employee contributions to the Dental Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Dental Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

**Ninth Claim For Relief**

(Prohibited Transactions under ERISA relating to the Vision Plan)

96.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

97.     Defendants, as Plan Sponsor and fiduciaries to the Vision Plan, are parties in interest to the Vision Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

98.     By diverting, or permitting or allowing diversion of, employee contributions to the Vision Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Vision Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

**Tenth Claim For Relief**

(Prohibited Transactions under ERISA relating to the Life Insurance Plan)

99.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

100.    Defendants, as Plan Sponsor and fiduciaries to the Life Insurance Plan, are parties in interest to the Life Insurance Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

101.    By diverting, or permitting or allowing diversion of, employee contributions to the Life Insurance Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Life Insurance Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

**Eleventh Claim For Relief**

(Prohibited Transactions under ERISA relating to the Disability Plan)

102.    Plaintiffs incorporate all foregoing paragraphs as if fully restated  herein.

103.     Defendants, as Plan Sponsor and fiduciaries to the Disability Plan, are parties in interest to the Disability Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

104.     By diverting, or permitting or allowing diversion of, employee contributions to the Disability Plan to corporate and/or personal purposes, Defendants dealt with the assets of the Disability Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

**Twelfth Claim For Relief**

(Prohibited Transactions under ERISA relating to the 401K Plan)

105.     Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

106.     Defendants, as Plan Sponsor and fiduciaries to the 401K Plan, are parties in interest to the 401K Plan as defined in ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

107.     By diverting, or permitting or allowing diversion of, employee deferrals to the 401K Plan to corporate and/or personal purposes, Defendants dealt with the assets of the 401K Plan in their own interests, or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1). By this conduct, Defendants engaged in prohibited transactions under ERISA.

**Thirteenth Claim For Relief**

(<u>Against Hillstone For</u> <u>Failure To Produce Plan Documents Pursuant to 29 U.S.C. §1132(c),</u>
<u>ERISA §502(a)(1)(a))</u>

108.    Plaintiffs incorporate all foregoing paragraphs as if fully restated herein.

109.    Section 104(b)(4) of ERISA provides that the plan administrator must, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Further, ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), as supplemented by current Federal Regulations, provides that if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper.

110.    Plaintiff Coleman for herself and the proposed class she seeks to represent have attempted to gather plan information related to all welfare and/or pension benefit plans sponsored by Hillstone by letter dated June 18, 2019 for 2017 and 2018.

111.     Despite the written request of June 18, 2019 and subsequent emails to Hillstone's counsel, Hillstone refused to provide Plaintiff Coleman any plan related information.

112.    Hillstone, through counsel, finally produced limited information by emails dated August 20 and 21, 2019, approximately 63 and 64 days after the request was received, but failed to provide copies of all documents they were required to disclose pursuant to ERISA 29 U.S.C. § 1024(b)(4).

113.    Hillstone's failure or refusal to make requested disclosures and produce documents prejudices Plaintiffs' efforts to police their benefit plans and to guard against breaches of fiduciary duty.

114.    Hillstone's failure or refusal to make the requested disclosures and produce documents falls within a general scheme and/or common practice of preventing participants from obtaining accurate information about their entitlement to benefits and their rights under the Plans and ERISA.

115.    Hillstone's failure to produce the requested documents was in violation of ERISA and, upon information and belief, the applicable plan documents.

116.    By not producing the requested information, Hillstone violated its fiduciary duties under ERISA Section 404(a)(10, 29 U.S.C. §1104(a)(1) which statutory provision mandates fiduciaries act in the best interests of plan participants.

117.    Pursuant to ERISA §502(a)(1)(a), 29 U.S.C. §1132(a)(1)(a) and § 1132(c), Plaintiffs request this Court enter an order requiring Hillstone to pay $110 per day that Hillstone fails to produce each requested document.

**PRAYER FOR RELIEF**

118.    For all the foregoing reasons, Plaintiffs request the following relief be awarded by the Court:

a. An Order directing Defendants to immediately remit contributions to the Plans in sufficient amount such that coverage under the Plans will be reinstated, retroactive to the date of illegal and improper termination of coverage;

b. A declaration that the Defendant Corporations, and Bergsten, Dapore, and Oddo, in their personal capacities, are jointly and severally liable to make whole the Plans and their participants for all losses resulting from each breach of fiduciary duty pursuant to § 409(a) of ERISA, 29 U.S.C. § 1109(a);

c. An Order directing an accounting of all amounts deducted from employees' pay but not contributed to the Plans; all amounts diverted from the respective Plans' assets, and an

accounting of all losses suffered by the Plans and their participants as a result of Defendants' breaches of fiduciary duty, with costs of the accounting to be paid by Defendants;

d. An Order directing Defendants to pay to the Plans, on behalf of the named Plaintiffs and each individual Plan participant, all amounts required to recover the losses suffered by the Plans and their participants as a result of Defendants' breaches of fiduciary duties;

e. An Order barring Bergsten, Dapore, and Oddo from any and all future service as fiduciaries to the Plans, pursuant to ERISA § 409(a), 209 U.S.C. § 1109(a);

f. An Order directing disgorgement of all ill-gotten gains by Defendants, including all employee benefit contributions not remitted to the relevant Plans;

g. An award of $110 per day beyond thirty that Hillstone does not produce each requested document relevant to benefit plans established and/or maintained by Hillstone in which Plaintiff Coleman participated or was eligible to participate pursuant to ERISA, 29 U.S.C. § 1132(c).

h. An award of all costs and attorneys' fees incurred in the investigation, initiation, and prosecution of the claims in this action; and

i. Such other and further relief as the Court may deem equitable and just under the circumstances.

Dated:  September 6, 2019                Respectfully Submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
**NILGES DRAHER LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:    (330) 754-1430
Email:       hans@ohlaborlaw.com


Jeffrey J. Moyle (0084854)
**NILGES DRAHER LLC**
614 West Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone:    (216) 230-2944
Facsimile:    (330) 754-1430
E-mail:       jmoyle@ohlaborlaw.com

/s/Claire W. Bushorn Danzl, Esq.
Claire W. Bushorn Danzl, Esq. (87167)
The Bushorn Firm, LLC
810 Sycamore Street
Cincinnati, Ohio 45202
(p) 513.827.5771
(f) 513.725.1148
cbushorn@thebushornfirm.com

*Attorney for Plaintiffs*